JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

14 CV 3712

EDWARD MCGILL,

        Plaintiff,

ECF Case No.:

-against-

COMPLAINT

THE CITY OF NEW YORK, POLICE OFFICER STALLER,
POLICE OFFICER "JOHN DOE", said name being fictitious
and unknown and CORRECTIONS OFFICERS "JOHN DOES"
1-2 said names being fictitious and unknown.

RECEIVED
MAY 23 2014
U.S.D.C. S.D.N.Y.
CASHIERS

JURY TRIAL
DEMANDED

        Defendants,
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ( c).

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers as said risk attaches to the public consumers of the services provided by the Police Department of the City of New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a corrections department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers as said risk attaches to the public consumers of the services provided by the Corrections Department of the City of New York.

8. Defendant Police Officer Staller, was at all times relevant herein duly appointed and an acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK.

Defendant Police Officer Staller was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

9. Defendant Police Officer John Doe, said name being fictitious and unknown was at all times relevant herein duly appointed and an acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officer John Doe was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

10. Defendant Corrections Officer John Does 1-2, said names being fictitious and unknown was at all times relevant herein duly appointed and an acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Corrections Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Corrections Officer John Does 1-2 were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Corrections Department, and was

otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

## NOTICE OF CLAIM

11. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

12. That a 50-h hearing was taken of plaintiff on October 16, 2013 at the Daniel L. Schneider Reporting, 160 Broadway, 14th Fl, New York, New York 10038.

13. This action was commenced within (1) one year and (90) ninety days from the date of the incident herein.

## THE PARTIES

14. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

15. Defendant CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York City Police Department. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

16. Defendant CITY OF NEW YORK was and still is at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the New York City Corrections Department. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the employment of corrections officers as said risk attaches to the public consumers of the services provided by the New York City Corrections Department.

17. Defendant Police Officer Staller was employed by the City of New York and New York City Police Department.

18. Defendant Police Officer "John Doe" said name being fictitious and unknown was employed by the City of New York and New York City Police Department.

19. Defendant Corrections Officers "John Doe" 1-2 said names being fictitious and unknown were employed by the City of New York Corrections Department.

## STATEMENT OF FACTS

20. That on May 23, 2013 at approximately 8:30am plaintiff was arrested and processed at the 19th Precinct, New York, New York.

21. Plaintiff was placed in a holding cell for several hours and afterwards was then handcuffed to be taken to Central Booking.

22. Plaintiff complained to the officer that his handcuffs were placed too tightly and that he had a previous right shoulder injury.

23. As plaintiff was placed in the police vehicle, the officer caused his right shoulder to become separated.

24. Defendants denied his requests for medical attention and to loosen the handcuffs.

25. Plaintiff was brought to Central Booking and placed in another cell. Plaintiff was in the cell for several hours when other inmates arrived and were placed in the same cell.

26. The inmates verbally and physically assaulted plaintiff and raped him in the holding cell.

27. Solely as a result of the foregoing, plaintiff sustained substantial and serious personal and emotional injuries.

## FIRST CLAIM
## VIOLATION OF CIVIL RIGHTS

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.